**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MUDASHIRU NTEGE,

Petitioner,

v. Case No. 1:26-cv-03019 KWR-GJF

WARDEN, *Torrance County Detention Center*,
TODD M. LYONS, *Acting Director of Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department Of Homeland Security*,

Respondents.

**ORDER GRANTING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a non-citizen who has been detained since he was apprehended at the border. Petitioner appears to assert that Respondents failed to conduct an individualized determination in granting or denying his parole, as required under *Marczak v. Greene,* 971 F.2d 510, 515 (10th Cir. 1992); *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1219 (10th Cir. 2001). Respondents did not respond to the Petitioner to oppose it. Therefore, it appears the Petition is unopposed. As explained below, Petitioner's habeas petition is well-taken and is therefore **GRANTED in part**.

**BACKGROUND**

Petitioner is a citizen of Uganda in ICE detention at the Torrance County Detention Facility Center in New Mexico. It appears that he applied for admission at the border on January 9, 2026 and was taken into immigration custody. DHS classified him as an arriving alien. Petitioner asserts that he submitted a request for parole on May 26, 2026 and has not received a response. He asserts he has no criminal history. His letters of support also appear to assert he has no criminal history.

Petitioner appears to assert that his prolonged detention violates procedural due process. Doc. 1 at 11. Petitioner submitted a parole request in May 2026. Petitioner also challenges his lack of parole without an individualized decision. Doc. 1 at 6. Therefore, the Court assumes that he asserts a claim challenging his parole decision under *Marczak v. Greene,* 971 F.2d 510, 515 (10th Cir. 1992) or *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1219 (10th Cir. 2001).

Respondents did not file a response opposing relief.

## DISCUSSION

Construing his *pro se* filings liberally, Petitioner alleges he did not receive due process in connection with his parole decision. Controlling Tenth Circuit authority required immigration authorities to conduct an individualized parole assessment. *Marczak v. Greene,* 971 F.2d 510, 515 (10th Cir. 1992); *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1219 (10th Cir. 2001). *Marczak* held that an individualized assessment was required when deciding whether to grant or deny parole. *Sierra* applied *Marczak* to the discretionary revocation of parole. Respondents did not respond to the Petition. Therefore, the Court takes as true Petitioner's assertion that no individualized determination was made in deciding whether to grant or deny his parole. There is no indication that Petitioner's parole was denied based on any individualized consideration of his unique combination of circumstances. *Id.* Therefore, Petitioner's due process rights were violated.

Respondents do not contest that release is an appropriate remedy. *See also Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) (setting forth factors to consider when remedying a due process violation); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (habeas is "a remedy for unlawful executive detention," and the "typical remedy is, of course, release"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (Federal district courts have broad equitable powers to craft habeas relief); 28 U.S.C. § 2243 (District courts have the power and authority to dispose of habeas corpus matters "as law and justice require").

Because the Petition is not contested, and for the reasons above, the Court will order Petitioner's immediate release from custody. The Court's opinion should not be construed as prohibiting his future detention based on changed circumstances, such as if § 1231 detention applies.

**IT IS THEREFORE ORDERED** that the Petition (**Doc. 1**) is hereby **GRANTED in part** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Respondents shall release Petitioner within **twenty-four (24) hours** of the entry of this order under appropriate conditions of supervision.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE